WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas P. Geiss,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Sara Lee Fresh, Inc., a Delaware<br>Corporation, a Maryland Corporation,<br><br>                    Defendant. | No. CV 12-0797-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant's Motion for Attorneys' Fees (Doc. 38). The Court now rules on the Motion.

**I.      Background**

Pursuant to this Court's Rule 16 Scheduling Order, in the event of a discovery dispute, the parties must jointly contact the Court via conference call to request a discovery dispute hearing prior to filing any written discovery motions. (Doc. 14). On June 11, 2013, Defendant filed a "Request for Telephonic Conference Regarding Discovery Dispute." (Doc. 29). In the Request, Defendant outlined its efforts to comply with this Court's Rule 16 Scheduling Order in order to initiate a telephonic conference to schedule a discovery dispute hearing. (*Id.*). In that Request, Defendant stated that Plaintiff's counsel[1] refused to respond to Defendant's attempts to meet and confer or initiate a discovery dispute hearing.

---

[1]    Plaintiff filed this case pro se. On October 19, 2012, Amy Wallace of the law firm of Gillespie, Shields, & Durrant ("GSD") appeared as Plaintiff's counsel in this case. (Doc. 12). On February 11, 2013, Dan M. Durrant of GSD filed a notice of appearance

In that Request, Defendant also outlined its numerous attempts to obtain discovery from Plaintiff.   Summarily, those attempts included: (1) service of non-uniform interrogatories and requests for production on December 6, 2012 (the "First Request"); (2) when the First Request was not timely responded to, a letter requesting that Plaintiff respond by February 8, 2013; (3) when the First Request was again not responded to, counsel for Defendant contacted counsel for Plaintiff on March 7, 2013 and requested responses by March 11, 2013; (4) receipt of incomplete responses to the First Request on March 14, 2013, including untimely and improper objections; (5) a March 22, 2013 letter to Plaintiff's counsel detailing the deficiencies in the response to the First Request, followed by various email and telephone attempts to meet and confer regarding the deficiencies in the responses to the First Request; (6) service of a second set of requests for production (the "Second Request") on April 4, 2013, that remained unanswered as of June 11, 2013, (7) Defendant noticed Plaintiff's deposition three times; the first was set for March 20, 2013, which was cancelled by Plaintiff; the second was set for April 3, 2013 and was cancelled by Plaintiff; the third was set for May 30, 2013 and was cancelled by Plaintiff on May 29, 2013; and (8) Defense counsel's unreturned communications on June 3, 2013 and June 10, 2013 to meet and confer regarding discovery issues or to set up a time to jointly call the Court in accordance with the Court's Rule 16 Scheduling Order.

On June 11, 2013, the Court granted Plaintiff's request (Doc. 29) and set a discovery dispute hearing for June 20, 2013 at 10:30 a.m.  (Doc. 30).  On June 20, 2013 at 9:37 a.m., less than an hour before the discovery dispute hearing was set to begin, Plaintiff's Counsel filed a response to Defendant's request for telephonic conference. (Doc. 32).

---

on behalf of Plaintiff.  (Doc. 20).  At all times referenced herein, Amy Wallace or Dan Durrant of GSD were the listed attorneys of record for Plaintiff.  After the events discussed in this Order, Plaintiff retained new counsel.  To the extent that the Court refers to "Plaintiff's counsel" throughout this Order, the Court is solely referring to attorneys at GSD, Plaintiff's named counsel at the time of the events referenced in this Order.

In that Response, Plaintiff's counsel claimed that all discovery disputes were now in the process of resolution pursuant to a letter dated June 20, 2013 (the day of the discovery dispute) from Plaintiff's counsel to Defendant's counsel.  (Doc. 32 at ¶ 1; Doc. 32-1).  Plaintiff's counsel also explained that (1) at the end of 2012, pro se Plaintiff retained Gillespie, Shields & Durrant ("GSD") attorney, Amy Wallace, to maintain his action against Defendant; (2) in December, Ms. Wallace was discharged from employment; (3) no other attorney at GSD was able to take on Plaintiff's case due to numerous other cases; (4) GSD determined that Plaintiff would need to find other counsel, but "would in the meantime assist Plaintiff in responding to outstanding discovery deadlines and getting his case back on track;" and (5) GSD staff failed to timely inform Plaintiff of his first three deposition settings.  (Doc. 32 at 1-2).

At the discovery dispute hearing, the Court noted that GSD's response (Doc. 32) "exudes profound professional neglect and professional discourtesies."  (Doc. 37 at 4).  During the hearing, the Court granted leave for Defendant to seek reasonable attorneys' fees in connection with the discovery issues.  (*Id.* at 13).

## II.  Analysis

Defendant now seeks attorneys' fees in the amount of $6,913.35 based on its attempts to obtain discovery.  GSD objects to the requested fees as "excessive."  GSD solely identifies billing entries from January through May 2013 as "excessive," and argues that "those fees largely accrued prior the onset of the alleged dispute."  The Court disagrees.  Defendant's billing entries from January through May 2013 are directly related to attempts to resolve the discovery dispute during that time.  (Doc. 38-2 at 3).

GSD then makes the extraordinary assertions that:

> Plaintiff's counsel was responsive to Defendant's requests and engaged in reasonable discussions regarding the scope of discovery and timing of the deposition, and delivery of the requested documents. **Exhibit B**. Alleged delays were caused by the actions of third-parties and were beyond the control of Plaintiff's counsel or were caused by counsel for the Defendant's own scheduling conflicts. **Exhibit C**.

(Doc. 45 at 2).  Based on these assertions, GSD argues that no award of fees is warranted. GSD's assertions are not supported by the Record or the Exhibits cited by GSD. Moreover, GSD's assertions are directly contradictory to assertions made by GSD in their "Response" to Defendant's request for a telephonic hearing (Doc. 32) and to the Court during the discovery dispute hearing.

Pursuant to Federal Rule of Civil Procedure 37(d), the Court may award sanctions when a party fails to appear for a properly noticed deposition, or fails to respond to properly served interrogatories or requests for production.  The fact that such discovery may have been objectionable does not excuse a party's failure to act.  Fed. R. Civ. P. 37(d)(2).  Moreover, "the Court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3).

In this case, Plaintiff failed to appear for his properly noticed deposition on three occasions and failed to timely file responses or objections to requests for production and interrogatories.  There is no showing in this case that the failure to act was substantially justified or other circumstances make an award of expenses unjust.   Accordingly, Defendant is entitled to its reasonable attorneys' fees incurred in attempting to obtain the discovery.  Moreover, the Record shows that sanctions are properly awarded against GSD, Plaintiff's counsel at the time.  It was Plaintiff's counsel that agreed to "assist" Plaintiff, their client, with discovery; it was Plaintiff's counsel who failed to inform Plaintiff that his deposition was scheduled on three different occasions; and it was Plaintiff's counsel who failed to timely file objections and/or responses to Defendant's discovery requests.   Moreover, Plaintiff's counsel violated this Court's Rule 16 Scheduling Order by refusing to participate in the discovery dispute procedures set forth in that Order.

While GSD objects to the requested fees as "excessive," and duplicative, GSD fails to identify any specific time entries or charges that are excessive or duplicative. Moreover, although GSD argues that "those fees largely accrued prior the onset of the

alleged dispute," GSD does not explain or support this argument.  As stated above, the billing entries from January through May 2013 are directly related to attempts to resolve the discovery dispute during that time.

### III.   Conclusion

**IT IS ORDERED** granting Defendant's Motion for Attorneys' Fees (Doc. 38) and assessing sanctions in the form of attorneys' fees against Gillespie Shields & Durrant in the amount of $6,913.35.

The Clerk of the Court shall deliver a copy of this Order to Plaintiff's former attorney, Dan Durrant at Gillespie Shields & Durrant.

Dated this 4th day of September, 2013.

James A. Teilborg
Senior United States District Judge